IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GROVER BRANTLEY, § | | |
|  TDCJ-CID NO. 1074422, § | | |
|    Plaintiff, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION H-06-2620 |
| § | | |
| SGT. SHUAPACK, *et al.*, § | | |
|    Defendants. § | | |

OPINION ON DISMISSAL

Plaintiff Grover Brantley, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a complaint alleging violations of another inmate's civil rights under 42 U.S.C. § 1983. (Docket Entry No.1). For the reasons to follow, the Court will dismiss plaintiff's complaint.

BACKGROUND

Plaintiff contends that from August 1, 2006, until August 5, 2006, several TDCJ-CID correctional officers and medical personnel carried the corpse of an inmate to and from his assigned cell. (Docket Entry No.1). Plaintiff and other inmates watched personnel enter and exit the cell and observed blood on the hands of medical personnel. During this time, plaintiff did not observe the inmate move. (*Id.*). Based on these facts, he and other inmates on the cell-block speculate that the unnamed inmate had fallen victim to excessive force. (*Id.*). For this reason, plaintiff seeks a full investigation into the death of the inmate. (*Id.*). Petitioner does not indicate, and it is unlikely, that petitioner completed the grievance process before filing the pending suit on August 6, 2006. (*Id.*).

## DISCUSSION

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001) (exhaustion requirement applies to cases where inmate also seeks monetary damages). TDCJ-CID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.* In this case, plaintiff filed his civil rights complaint the day after TDCJ-CID officials removed the corpse from the cell; therefore, petitioner could not have exhausted his administrative remedies before filing the pending suit.

Even if plaintiff had exhausted his administrative remedies, he would not be entitled to relief under § 1983. A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Plaintiff cannot establish that the actions of the TDCJ-CID officers and medical personnel violated his constitutional rights.

For these reasons, the Court will dismiss plaintiff's complaint with prejudice.

## CONCLUSION

3

Based on the foregoing, the Court ORDERS plaintiff's complaint (Docket Entry No.1) DISMISSED, with prejudice, for failure to state a claim under 28 U.S.C. § 1915A and for failure to exhaust state remedies under 42 U.S.C. §1997(e).

The Clerk will provide copies to plaintiff, to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-2159.

It is so ORDERED.

Signed at Houston, Texas, this 21st day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE